## BROWN v. SMITH.

This Court will require a case of very palpable mistake or error to be made out, before it will overrule the verdict of the jury on issue of fact joined in an action for the diversion of water.

In an action for diverting water from the plaintiff's ditch, and where both parties claimed, in part, the waters of the same stream: *Held*, that the following instruction was properly given by the Court to the jury: "That defendant is not liable for any deficiency of water in plaintiff's ditch, unless he was diverting from Rabbit Creek more water than he was entitled to at the precise time that such deficiency existed."

So, where the Court instructed the jury that if they believed that defendant's ditch was so filled with tailings during the period of the alleged injury, that it was incapable of diverting the waters of the creek, then plaintiff can not recover.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

This was an action to recover damages for the wrongful diversion of water from the plaintiff's ditch, and for an injunction restraining the defendant from continuation thereof.

The complaint is in three counts.

The first count alleges that plaintiff and those under whom he claims, located, took up, and appropriated, the waters of Rabbit Creek, in the county of Sierra, for the purpose of conveying the waters of the creek and the intermediate waters flowing therein, to Spanish Flat, where the same was to be sold by plaintiff for mining purposes. That the appropriation of the waters by plaintiff was by means of a dam and ditch, commenced on the last day of November, 1853, and subsequently completed. Ditch conveyed 420 inches of water three months in the year, which was worth to plaintiff $360 per day.

On the first day of March, 1857, defendant wrongfully and illegally constructed a dam and ditch, and appropriated the waters of Rabbit Creek to his own use, and thus prevented the waters from flowing into plaintiff's ditch, to damage of plaintiff of $12,000.

Second count: Plaintiff was on the first day of March, 1857, and still is the owner, and entitled to the possession of the waters of Rabbit Creek, by appropriation, to the extent of 700 running inches, which water flowed through his ditch, called the Irish Ditch, to Spanish Flat, and was there sold by plaintiff at the rate of $7 50 per day, for one sluice-head of twelve running inches. Defendant, by means of a dam and ditch constructed by him, caused the water to flow from and out of plaintiff's ditch, and deprived him of the use thereof. Damage, $5000.

Third count: Plaintiff is the first appropriator of the waters of Rabbit Creek, to the extent of 35 and 75 sluice-heads, each sluice-head being twelve inches, and flowing into plaintiff's two ditches, one called the O'Brien and Brown Ditch, and the other the Irish Ditch, from the first of March to the middle of June in each and every year, for mining purposes. That defendant entered in and upon the same, and deprived the plaintiff of the enjoyment thereof; and, if not prevented, will destroy irretrievably all of plaintiff's just and legal rights, etc.

Complaint prays for judgment for $17,000 damages, and for an injunction to restrain defendant, etc.    The complaint is verified.

Defendant, in his answer, specifically denies the allegations of plaintiff's complaint, and sets up a right, by prior appropriation, to the possession and use of eighty sluice-heads, or nine hundred and sixty running inches of the waters of Rabbit Creek, and the tributary ravines, which he conveyed through his ditch to Secret Diggings and adjacent mining localities, and there sold the water for mining purposes, etc.    The cause was tried by a jury.

On the trial, and after the close of the testimony and argument, the Court, among other instructions to the jury, gave the following:

" 7. The defendant is not liable for any deficiency of water in plaintiff's ditch, unless he (defendant) was diverting from Rabbit Creek more water than he was entitled to at the precise time that such deficiency existed.

" 8. If the jury believe that Brown's Old Ditch, so-called, was so filled with tailings during the water season of 1857, that it was incapable of diverting any of the waters of Rabbit Creek, then plaintiff can not recover for loss of water for that ditch."

The jury returned a verdict for the defendant. Plaintiff moved the Court for a new trial, which was denied, the Court rendering the following opinion:

" Upon the motion for a new trial, plaintiff files his own affidavit, in which he sets forth that he was surprised at the testimony of the witness Roberts, who testified, among other things, that from March 2 to June 14, 1857, not over five hundred and forty-five inches of water was running and sold from defendant's ditch per day, and that a portion thereof came from the ravines, and not from Rabbit Creek, and the affidavit further sets forth that plaintiff was surprised at the testimony going to show that there was water running to waste below plaintiff's dam. Upon the trial of the cause, it was admitted that defendant's ditches had priority over plaintiff's, but plaintiff contended that defendant's ditches had been enlarged subsequent to the construction of his, and that defendant had, by means of such enlargement, diverted more water than he was entitled to, to the injury of plaintiff. Defendant's counsel, on the trial, admitted that the lower part of their ditch had been enlarged in 1856, after plaintiff's ditches were constructed. Under the issues made, it was incumbent on the plaintiff to prove that defendant had diverted more water from Rabbit Creek than he was entitled to, and that he (plaintiff) had been injured thereby, and to prove such facts a number of witnesses were called; and the witness Roberts, called on the part of defendant to show the quantity of water run in defendant's ditches, stated that they sold a certain number of inches, and that they sold all that was run in the ditch. This testimony was responsive to the issues made in the case, and simply contradictory of what plaintiff's witnesses had— some of them—testified to; for it will be borne in mind that the witness referred to the quantity sold, and stated that it was all sold that run, for the purpose of showing how much did actually run through the ditch, upon the same principle that plaintiff's witnesses described the size of the ditch and the height of the volume of water running therein, to establish the same facts· ' Ordinary prudence' should certainly have led plaintiff to guard against such surprise as this, and if, on the trial, he believed the

statement of Roberts to be untrue, and was not then prepared to show it, he should have taken a nonsuit, under the one hundred and forty-eighth section of the Practice Act.    See Live Yankee Company *v.* Oregon Company, 7 Cal. R., 40; Willard *v.* Wetherbee, 4 N. H. R., 118."

Judgment was entered for the defendant, and the plaintiff appealed to this Court.

*Francis J. Dunn* for Appellant.

*Vanclief and Stewart* for Respondent.

Caldwin, J., delivered the opinion of the Court—Terry, C. J., concurring.

This case is an action for the diversion of water.    It seems to have been closely contested on the facts, and the proof was conflicting.    The jury, after hearing all the testimony, found for the defendant.

This is precisely one of those suits which a jury of the vicinage are best qualified to try, and they seem to have tried it fairly, under the direction of a Judge entirely familiar with this class of litigation, and who refused the application for a new trial.

This Court would require a case of very palpable mistake or error to be made out, before it overruled the verdict of the jury on issue of fact joined in such an action ; and, certainly, no such case seems to be made by this record.

We think the Court below did not err in the instructions given.    The seventh and eighth, given at the instance of the defendant, are the only ones which appear to be assailed with much confidence.    And these, when considered in connection with the peculiar facts of this case, we think correctly state the law.

The motion for a new trial, founded on the plaintiff's affidavit of surprise, was correctly overruled.    The reasons given in the written opinion of the Judge below, to be found in the record, are conclusive upon this subject.

Judgment affirmed.